UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE PIO, Individually and on Behalf
of All Other Persons Similarly Situated,

   Plaintiff,

             Civil Case No. 2:14-cv-11191
v.             Honorable Linda V. Parker

GENERAL MOTORS COMPANY,
MARY T. BARRA, DANIEL AMMANN,
ALAN S. BATEY, JAMES B. DELUCA,
and DANIEL F. AKERSON,

   Defendants.
_____/

## OPINION AND ORDER DENYING DEFENDANTS' MOTION FOR REASSIGNMENT OF CASE

Presently before the Court is Defendants' "Motion for Reassignment of Case" filed June 9, 2014.  (ECF No. 24.)  In the motion, Defendants ask this Court to reassign the above-captioned matter to the Honorable Robert H. Cleland as a companion matter to two consolidated cases now pending before him.  In support of the motion, Defendants rely on Eastern District of Michigan Local Rule 83.11.

### Background

On March 21, 2014, Plaintiff filed this class action lawsuit against Defendants General Motors Company ("GM") and the following individuals: Mary T. Barra, Daniel Ammann, Alan S. Batey, James B. Deluca, and Daniel F.

Akerson.  In the Complaint, Plaintiff alleges violations of the federal securities law in that he contends Defendants misled investors in GM stock about the safety of, and alleged defects in, GM vehicles, specifically issues related to ignition switches that recently triggered numerous recalls of GM vehicles.  The matter was assigned to Judge Cleland.  Subsequently, at least two other lawsuits related to the faulty ignition switches were filed in this District.

On March 28, 2014, Richard Hockstein brought a shareholder derivative action against various individuals, naming GM as the nominal defendant. *Hockstein v. Barra*, Civil Case No. 14-cv-11277 ("*Hockstein* matter").  Of the seventeen individuals named as defendants in the *Hockstein* matter, two are also sued in the present matter: Mary T. Barra and Daniel F. Akerson.  The plaintiff in the *Hockstein* matter alleges that the defendants breached their fiduciary duties and violated the law in relation to safety issues (specifically the alleged defective ignition switches), resulting in damage to GM's reputation, goodwill, and standing in the community and its exposure to billions of dollars in potential liability.  The *Hockstein* matter was assigned to Judge Cleland, as well.

On April 23, 2014, The Police Retirement System of St. Louis also filed a shareholder derivative lawsuit naming GM as the nominal defendant.  *The Police Ret. Sys. of St. Louis v. Barra*, No. 14-cv-11624 ("*Police Retirement Systems*

-2-

matter"). The same individuals are named as defendants in the *Police Retirement Systems* matter as the *Hockstein* matter. The *Police Retirement Systems* matter initially was assigned to the Honorable Nancy G. Edmunds, but was reassigned to Judge Cleland pursuant to Eastern District of Michigan Local Rule 83.11 on May 6, 2014. Judge Cleland subsequently consolidated the two shareholder derivative actions.

On May 28, 2014, Judge Cleland reassigned the above-captioned matter to the undersigned pursuant to Administrative Order 14-AO-030. (ECF No. 18.) Defendants now asks this Court to reassign the case to Judge Cleland, contending that it is closely related to the consolidated matters before Judge Cleland and the interests of efficiency and justice would be best served by the reassignment. Plaintiff, joined by movants Menora Mivtachim Insurance Ltd. and Menora Mivtachim Pensions and Gemel Ltd., filed a brief in opposition to Defendants' motion on June 10, 2014. Movant New York State Teachers' Retirement System filed a brief in opposition to Defendants' motion on June 12, 2014.

## Analysis

Local Rule 83.11(b), titled "Reassignment of Civil Cases[,]" provides in relevant part:

(2) To promote docket efficiency, or to conform to the requirement of

any case management plan adopted by the Court, or upon consent of
the parties, or after notice and hearing, or in the interests of justice, the
Chief Judge may order a civil case to be reassigned, *but only with* the
consent of the Judge to whom the case was originally assigned *and*
with the consent of the Judge to whom it is to be reassigned.

(3) To promote judicial efficiency in cases not requiring reassignment
under these Rules, *the Judges*, after notice to the parties and
opportunity to respond, may *jointly* order consolidation of some or all
aspects of related cases.

E.D. Mich. Local Rule 83.11(b) (emphasis added). The rule does not provide for,
nor invite, motions by counsel. As the rule plainly states, reassignment decisions
lie within the *collective* discretion of the *judges* to whom the cases are assigned,
and the Chief Judge with respect to the first provision. This alone precludes *this*
Court from granting the pending motion.

In addition, the Court is not convinced that reassigning the present matter to
Judge Cleland will promote docket and/or judicial efficiency. Undoubtedly the
present matter and the consolidated shareholder derivative action before Judge
Cleland relate to the same alleged defective ignition switches in GM vehicles.
Nevertheless, so do numerous currently pending and likely to be filed lawsuits in
this District and across the country. The matters also overlap to the extent the
plaintiffs allege that statements about the safety of GM vehicles were misleading in
light of the alleged defect. There are distinctions, however, with respect to who is

-4-

alleged to have made the alleged misstatements and in what context they were made.

Further, it is not likely that the present federal securities class action lawsuit will follow the same or similar procedural path as Judge Cleland's shareholder derivative action. Each type of matter is complex on its own and presents procedural issues that do not necessarily overlap. Thus this Court does not anticipate that the complexity of the litigation will be minimized if the matters are consolidated. More likely, instead, the management of these varied types of cases will become more complex if they are joined.

For these reasons, the Court concludes that neither docket nor judicial efficiency will be served by reassigning the present case to Judge Cleland or otherwise bringing all three matters before a single judge.

Accordingly,

**IT IS ORDERED**, that Defendants' Motion for Reassignment of Case is **DENIED**.

S/ Linda V. Parker_____
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: June 18, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of

record and/or pro se parties on this date, June 18, 2014, by electronic and/or U.S. First Class mail.

S/ Richard Loury
Case Manager