# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

|  |  |
|---|---|
| NEW YORK STATE TEACHERS' RETIREMENT SYSTEM, Individually and on Behalf of All Other Persons Similarly Situated,<br><br>      Plaintiff,<br><br> v.<br><br>GENERAL MOTORS COMPANY, DANIEL F. AKERSON, NICHOLAS S. CYPRUS, CHRISTOPHER P. LIDDELL, DANIEL AMMANN, CHARLES K. STEVENS, III, MARY T. BARRA, THOMAS S. TIMKO, and GAY KENT,<br><br>      Defendants. | Civil Case No. 4:14-cv-11191<br><br>The Hon. Linda V. Parker |

## LEAD PLAINTIFF'S RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY

As set forth in its Opposition to Defendants'[1] Motion to Dismiss the Complaint (Dkt. No. 86), Lead Plaintiff New York State Teachers' Retirement System's allegations more than satisfy the applicable pleading standard.   On August 26, 2015, after briefing had been completed, Defendants submitted the Sixth Circuit's recent decision in *Bondali v. Yum! Brands, Inc.*, No. 15-5064, 2015 WL 4940374 (6th Cir. Aug. 20, 2015) in further support of their Motion to Dismiss (Dkt. No. 91-1).  As set forth below, the decision in *Yum! Brands* is inapposite and highly distinguishable on its facts.   The case's factual inapplicability is demonstrated by the fact that Defendants cited the District Court's decision that was recently affirmed just twice in their opening brief (Dkt. No. 70 at 28, 45) and did not cite it at all in their reply.

*First,* in its analysis of the modest impact of the underlying facts on Yum!'s business, the Sixth Circuit's decision notes that *Yum! Brands* involved just "eight batches" of chicken and was "hardly a companywide food safety epidemic." *Yum! Brands, Inc.*, 2015 WL 4940374, at *7.  In sharp contrast, the ignition switch defect and moving shutdowns at issue here were well known and admitted failures that have had a very serious impact on GM.  The magnitude of that impact is reflected by the reality that GM has now accrued billions in expenses, offered

---

[1] All capitalized and defined terms have the meanings set forth in the Opposition.

settlements to 124 families whose loved ones were killed[2] and is reportedly considering pleading guilty to criminal wire fraud charges stemming from public statements made about the defect.[3]

*Second,* in *Yum! Brands*, the Sixth Circuit affirmed dismissal because plaintiffs' own allegations admitted that Yum! "*did* impose such [safety] requirements," which contradicted the plaintiffs' theory that the company *did not* require its suppliers to adhere to food standards and safety protocols. *Id.* at *5 (emphasis in original). Defendants do not argue that the Complaint here alleges that any of the alleged false statements are actually true.

*Third, Yum! Brands* dealt with an aspirational declaration that "[a] product suspected to be unsafe must immediately be pulled from distribution until safety can be assured." *Id.* at *6. In contrast, unlike the aspirational statements in *Yum! Brands*, the materially false and misleading statements and omissions here relate to "hard information" concerning GM's financial results (Opp. Br. 9-11, 22-26) and internal controls (Opp. Br. 19-22).

*Fourth,* in *Yum! Brands,* the Sixth Circuit specifically highlighted that the purportedly false and misleading statements concerning the company's responses to negative publicity were inactionable because, after receiving negative publicity,

---

[2] *GM Ignition Switch Death, Injuries Total 398*, The New York Times, August 3, 2015.

[3] Christopher M. Matthews and Mike Spector, *U.S. Weighs Wire-Fraud Charges Against General Motors*, The Wall Street Journal, August 9, 2015.

the company "*did* take the actions it outlined in these statements." *Yum! Brands*, 2015 WL 4940374, at *6 (emphasis in original).  Here, the opposite is true.  Rather than respond to moving shutdowns and airbag non-deployments upon their initial emergence, GM conducted its long-belated recalls only many years after information concerning the ignition switch defect was the subject of several media reports and inquiries.  (Opp. Br. 6, 31.)

*Fifth, Yum! Brands* is irrelevant to the extent that a bulk of the alleged false statements concerned defendants' risk disclosures in the company's announcements and quarterly financial reports.  *Yum! Brands*, 2015 WL 4940374, at *2.  Here, the Complaint does not allege that any risk disclosures were false.

*Sixth,* in affirming dismissal of *Yum! Brands*, the Sixth Circuit noted that plaintiffs' scienter argument rested on only four facts, none of which created a strong inference of scienter.  *Id.* at *8.  Here, Lead Plaintiffs' scienter allegations are far more comprehensive and establish a strong inference of Defendants' scienter.  (Opp. Br. 3, 27-45.)

DATED: August 31, 2015                    Respectfully submitted,

                                          /s/ Salvatore J. Graziano
                                          Salvatore J. Graziano
                                          James A. Harrod
                                          Adam H. Wierzbowski
                                          Rebecca E. Boon
                                          Jake Nachmani
                                          **BERNSTEIN LITOWITZ**
                                          **BERGER & GROSSMANN LLP**
                                          1285 Avenue of the Americas
                                          New York, NY 10019
                                          Telephone: (212) 554-1400
                                          Facsimile: (212) 554-1444
                                          Salvatore@blbglaw.com
                                          Jim.Harrod@blbglaw.com
                                          Adam@blbglaw.com
                                          Rebecca.Boon@blbglaw.com
                                          Jake.Nachmani@blbglaw.com

                                          *Counsel for Lead Plaintiff and for the*
                                          *Class*

                                          **THE MILLER LAW FIRM, P.C.**
                                          E. Powell Miller (P39487)
                                          Sharon S. Almonrode (P33938)
                                          950 West University Drive, Suite 300
                                          Rochester, MI 48307
                                          Telephone: (248) 841-2200
                                          Facsimile: (248) 652-2852
                                          epm@millerlawpc.com
                                          ssa@ millerlawpc.com

                                          *Local Counsel for Lead Plaintiff and*
                                          *for the Class*

4

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing document was filed electronically with the Court on this 31st of August 2015, using the ECF system, which will send notification of such filing to all parties registered to receive such notice in this action.

<u>/s/ Salvatore J. Graziano</u>
Salvatore J. Graziano