UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NEW YORK STATE TEACHERS'
RETIREMENT SYSTEM, Individually
and on Behalf of All Others Persons
Similarly Situated,

                Plaintiff,

v.

GENERAL MOTORS COMPANY,
DANIEL F. AKERSON, NICHOLAS S.
CYPRUS, CHRISTOPHER P. LIDDELL,
DANIEL AMMANN, CHARLES K.
STEVENS, III, MARY T. BARRA,
THOMAS S. TIMKO, and GAY KENT,

                Defendants.

Civil Case No. 4:14-cv-11191
Honorable Linda V. Parker

## JUDGMENT APPROVING CLASS ACTION SETTLEMENT

WHEREAS, a securities class action is pending in this Court entitled *New York State Teachers' Retirement System v. General Motors Company et al.*, Civil Case No. 14-cv-11191 (the "Action");

WHEREAS, (a) Lead Plaintiff, New York State Teachers' Retirement System, on behalf of itself and the Settlement Class (defined below), and (b) defendant General Motors Company ("GM") and defendants Daniel F. Akerson, Nicholas S. Cyprus, Christopher P. Liddell, Daniel Ammann, Charles K. Stevens,

III, Mary T. Barra, Thomas S. Timko, and Gay Kent (collectively, the "Individual Defendants," and, together with GM, the "Defendants," and together with Lead Plaintiff, the "Parties") have entered into a Stipulation and Agreement of Settlement dated November 11, 2015 (the "Stipulation"), that provides for a complete dismissal with prejudice of the claims asserted against Defendants in the Action on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

WHEREAS, by Order dated November 20, 2015 (the "Preliminary Approval Order"), this Court: (a) preliminarily approved the Settlement; (b) certified the Settlement Class solely for purposes of effectuating the Settlement; (c) ordered that notice of the proposed Settlement be provided to potential Settlement Class Members; (d) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the proposed Settlement; and (e) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on April 20, 2016 (the "Settlement Hearing") to consider, among other things, (a) whether the terms and

conditions of the Settlement are fair, reasonable and adequate to the Settlement Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members.

2. **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on November 13, 2015; and (b) the Notice and the Summary Notice, both of which were filed with the Court on March 9, 2016.

3. **Class Certification for Settlement Purposes** – The Court hereby affirms its determinations in the Preliminary Approval Order certifying, for the purposes of the Settlement only, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class consisting of all persons and entities who purchased or otherwise

acquired GM common stock from November 17, 2010 through July 24, 2014, inclusive (the "Settlement Class Period"), and who were damaged thereby. Excluded from the Settlement Class are Defendants, the directors and Officers of GM at all relevant times, members of their Immediate Families and their heirs, successors or assigns, and any entity in which any Defendant or any member of the Immediate Family of any Individual Defendant has or had a controlling interest. Also excluded from the Settlement Class are the persons and entities listed on Exhibit 1 hereto who or which are excluded from the Settlement Class pursuant to request.

4. **Adequacy of Representation** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby affirms its determinations in the Preliminary Approval Order certifying Lead Plaintiff as Class Representative for the Settlement Class and appointing Lead Counsel as Class Counsel for the Settlement Class. Lead Plaintiff and Lead Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

5. **Notice** – The Court finds that the dissemination of the Notice and the publication of the Summary Notice: (a) were implemented in accordance with the

Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder); (iii) Lead Counsel's motion for an award an attorneys' fees and reimbursement of Litigation Expenses; (iv) their right to object to any aspect of the Settlement, the Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses; (v) their right to exclude themselves from the Settlement Class; and (vi) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Federal Rule of Civil Procedure 23, the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as amended, including the Private Securities Litigation Reform Act of 1995, due process, and all other applicable law and rules.

6. **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against

Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable and adequate to the Settlement Class. The Court finds that the objections to the Settlement that have been received are without merit and should be overruled. The Parties are directed to implement, perform and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

7. The Action and all of the claims asserted against Defendants in the Action by Lead Plaintiff and the other Settlement Class Members are hereby dismissed with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

8. **Binding Effect** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Lead Plaintiff and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns. The persons and entities listed on Exhibit 1 hereto are excluded from the Settlement Class pursuant to request and are not bound by the terms of the Stipulation or this Judgment.

9. **Releases** – The Releases set forth in paragraphs 5 and 6 of the Stipulation, together with the definitions contained in paragraph 1 of the

Stipulation relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a) Without further action by anyone, and subject to paragraph 10 below, upon the Effective Date of the Settlement, Lead Plaintiff and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Plaintiffs' Claim against the Defendants and the other Defendants' Releasees, and shall forever be enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

(b) Without further action by anyone, and subject to paragraph 10 below, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Defendants' Claim against Lead Plaintiff and the other Plaintiffs' Releasees, and shall forever be enjoined from prosecuting any or all of

the Released Defendants' Claims against any of the Plaintiffs' Releasees. This Release shall not apply to any person or entity listed on Exhibit 1 hereto.

10. Notwithstanding paragraphs 9(a) – (b) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

11. **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

12. **No Admissions** – Neither this Judgment, the Term Sheet, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a) shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that was or

could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

      (b)    shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

      (c)    shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial;

provided, however, that the Parties and the Releasees and their respective counsel may refer to this Judgment and the Stipulation to effectuate the protections from liability granted hereunder and thereunder or otherwise to enforce the terms of the Settlement.

13. **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion to approve the Class Distribution Order; and (d) the Settlement Class Members for all matters relating to the Action.

14. **Modification of the Agreement of Settlement** – Without further approval from the Court, Lead Plaintiff and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement. Without further order of the Court, Lead Plaintiff and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

15. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails

to occur, this Judgment shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Lead Plaintiff, the other Settlement Class Members and Defendants, and the Parties shall revert to their respective positions in the Action as of September 16, 2015, as provided in the Stipulation.

16. **Entry of Final Judgment** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

**IT IS SO ORDERED.**

                                                  s/ Linda V. Parker
                                                  LINDA V. PARKER
                                                  U.S. DISTRICT JUDGE

Dated: May 23, 2016

# Exhibit 1

## List of Persons and Entities Excluded from the Settlement Class Pursuant to Request

1. Ronald R. Anderson
   Lincoln, NE

2. Estate of Nancy C. Ballowe
   by David R. Lee, Executor
   Williamsburg, VA

3. Stephen Baumann
   Las Vegas, NV

4. Roger Lee Beavers and
   Linda Marie Beavers
   The Villages, FL

5. Brian Bennefeld and
   Kelly Bennefeld
   Pace, FL

6. Jeffrey Joseph Biegas
   Woodhaven, MI

7. Ronald A. Boldt
   Buffalo, NY

8. George R. Bott IV
   Lancaster, VA

9. Diana S. Briner
   Dallas, TX

10. Eugene H. Bulriss
    Harlingen, TX

11. Robert M. Cacic
    Norfolk, VA

12. Clifford M. Carlin
    Charlotte, NC

13. College Retirement Equities Fund
    TIAA-CREF Enhanced Large-Cap Value Index Fund
    TIAA-CREF S&P 500 Index Fund
    TIAA-CREF Large-Cap Value Fund
    TIAA-CREF Equity Index Fund
    TIAA-CREF Growth & Income Fund
    TIAA-CREF Life Large-Cap Value Fund
    TIAA-CREF Life Stock Index Fund
    TIAA-CREF Life Growth & Income Fund
    TIAA Separate Account VA-1 and
    TIAA-CREF Large-Cap Value Index Fund
    New York, NY

14. Margaret A. Corley
    Seattle, WA

15. Alfred C. Cramer
    North East, PA

16. Daniel Dobbin and Kathleen Dobbin
    Aston, PA

17. Bernhard Donath
    Hamburg
    GERMANY

18. James E. Edgar IRA
    Frankfort, MI

19. Phillip J. Edwards
    San Jose, CA

20. Elliott Associates, L.P.
    Gatwick Securities LLC
    The Liverpool Limited Partnership
    Springfield Associates, L.L.C. and
    Elliott International, L.P.
    c/o Elliott Management Corp.
    New York, NY

21. Thomas A. Filla
    Pocono Lake, PA

22. David Thomas Fisher
    New York, NY

23. Richard D. Fleming
    Naperville, IL

24. Jacqueline N. Foreman
    Bradenton, FL

25. Carlo Forest
    Rochester Hills, MI

26. Harry L. Fowler and
    Charlotte A. Fowler
    Fairview, TX

27. Richard E. Gagnon and
    Diane L. Gagnon
    Apache Junction, AZ

28. Iris Gallaway
    Heber Springs, AR

29. Karl Gibson
    Kingsport, TN

30. Ashley Halloran
    Atlanta, GA

31. Marcia E. Hearn and
    Robert J. Hearn
    Hamilton, NJ

32. Richard Russell Hillman and
    Susan Diane Hillman
    Roseville, CA

33. David D. Horchler
    Tierra Verde, FL

34. Thom Isensee,
        Successor Trustee
    Isensee Family Trust dated
        10/9/06
    Huntington Beach, CA

35. John Isso
    Northridge, CA

36. S. Robert Italia
    Glastonbury, CT

37. Jim Johnson
    Danville, KY

38. Nathan Kennedy
    Ithaca, NY

14

39. Gary Kuhn
    Allen Park, MI

40. Stephen M. Lawless
    Lake Orion, MI

41. Betty H. Lawrence and
    Russell T. Lawrence
    Antioch, CA

42. Debra J. Lawson
    Beaverton, OR

43. Barbara J. Leah
    Micco, FL

44. Charles N. Lindsay and
    Carol A. Lindsay
    Washington, PA

45. Peter J. Lorenzo
    Callicoon Center, NY

46. Edith Mackler
    Philadelphia, PA

47. James D. Moss
    Lake Cormorant, MS

48. Victor A. Mulhall
    Red Deer, Alberta
    CANADA

49. Jeanette Nix
    Buford, GA

50. North River Insurance
    Company
    c/o Hamblin Watsa Investment
    Counsel Ltd.
    Toronto, Ontario
    CANADA

51. Dorothy M. Novotniak
    McKeesport, PA

52. Gerald L. Noyes, Sr.
    East China, MI

53. The Terry O'Dell SIPP
    by Terry O'Dell, Trustee
    Manchester, UK

54. Eva Odze
    Yonkers, NY

55. Richard Petersen TTEE and
    Mary Alice Peterson TTEE
    Castro Valley, CA

56. Wanda Pfieffer
    Dover, DE

57. Charles Piccirillo
    Boston, MA

58. Marvin Recht
    Carmel, IN

59. Mamie L. Reed
    Dayton, OH

60. Brian J. Saviola
    Williamsville, NY

61. Martin W. Schmidt and
    Marcele D. Schmidt
    Minden, NE

62. Seneca Insurance Company
    c/o Hamblin Watsa Investment
    Counsel Ltd.
    Toronto, Ontario
    CANADA

63. Darrell James Simoneaux
    Buda, TX

64. Thomas W. Starinshak
    Murrells Inlet, SC

65. Richard W. Stofle, Trustee
    Marjorie E. Stofle, Trustee and
    Stofle Living Trust
    Whittier, CA

66. Lisa A. Straub
    Selinsgrove, PA

67. Summers Fuel, Inc.
    Towson, MD

68. Diane Sutton
    Shipshewana, IN

16

69. Richard L. Swingler
    Whitby, Ontario
    CANADA

70. Sandra H. Symonds
    Natick, MA

71. Michael A. Telesca,
        Successor Trustee
    Sharon E. Howson Revocable
        Trust
    Rochester, NY

72. Nancy J. Temske
    Seneca, SC

73. Michael C. Timmerman
    Dayton, NV

74. Anne Catherine Topic
    Falls Church, VA

75. Joanne Tremblay
    Saint-Sauveur, Quebec
    CANADA

76. George S. Wallace
    East Bend, NC

77. Susan Nicholson Walmsley and
    Estate of Kevin Walmsley
    Walnut Creek, CA

78. Andrew J. Weisner
    Englewood, OH

79. Thomas S. Wilson IRA
    Canton, MI

80. Ronald L. Wolford
    Brighton, MI

81. Richard F. Yindra and
    Mary Lou Yindra
    Ivoryton, CT

82. Peter Zeller
    Roseville, MN

17

83. Charles de Kunffy
    Palm Springs, CA

84. Linda B. Kirchman Trust
    by Linda B. Kirchman, Trustee
    Framingham, MA

85. Mien Ly
    Laval, Quebec
    CANADA

86. Mervin Sprague
    Canyon Country, CA