IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re: | |
| NEW YORK STATE TEACHERS' RETIREMENT SYSTEM, INDIVIDUALLY AND ON BEHALF OF ALL OTHER PERSONS SIMILARLY SITUATED, | Case No. 4:14-cv-11191 |
| | Hon. Linda V. Parker |
| PLAINTIFFS | Magistrate Judge Mona K. Majzoub |
| v. | |
| GENERAL MOTORS COMPANY et al | |
| DEFENDANTS | |

FILED
AUG 30 2016
CLERK'S OFFICE
U.S. DISTRICT COURT

## OBJECTOR/APPELLANT'S MOTION FOR RECONSIDERATION AND OMNIBUS SUPPLEMENTAL RESPONSE TO MOTIONS FOR AN ORDER REQUIRING TRANSCRIPT

Pro se Objector/Appellant, Donald C. Marro ("Marro"), states as follows:

### I. INTRODUCTION

1. Defendant/Appellee ("GM") and Plaintiff/Appellee ("NYSTRS", and together, the "Moving Parties") both moved for an Order requiring Marro to order a transcript ("the Motion or Motions").

2. Neither Motion had substantive argument as to how the content of the 4/20/16 Fairness Hearing ("the Fairness Hearing") altered or augmented the pleadings herein, and use FRAP 10 et seq to burden Marro needlessly with extra expense so as to cause Marro to abandon his Appeal.

3. Marro opposed these Motions and the Moving Parties Replied, injecting new matter into their Motions, whereupon Marro proposed to move for leave to file a Supplemental Response.

4. Before Marro was even served with NYSTRS' Reply, and before Marro could file his Supplemental Response, the Court granted the Motions.

5. Accordingly, Marro files his Motion for Reconsideration and Supplemental Response.

- 1 -

## II. GROUNDS FOR THE MOTIONS

### A. As to the Motion for Reconsideration

1. The Rule providing for an Appellee to move for or themselves order transcripts is discretionary not ministerial or mandatory. Thus, good cause is required for a motion requiring Appellant to order a transcript when an Appellant elects not to order a transcript for good cause, i.e., here, that it is unnecessarily duplicative of the pleadings and a needless expense for an Appellant seeking IFP status. No good cause was shown in the Motions or Replies to Marro's Response upon which the Court might ground an Order requiring Marro to order and pay for the Fairness Hearing transcript.

2. The Court's Opinion approving the parties settlement and respecting the Fairness Hearing proceedings not only adopts the Moving Parties pleadings and proposed Order but is utterly silent on anything arising from proceedings at the Fairness Hearing, which was perfunctory, short (under 45 minutes), involved no witnesses or new evidence and was merely the Moving Parties' recital of pleadings previously filed in support of settlement and Marro's objections thereto.

3. There was no service upon Marro of the NYSTRS Reply until after the Court ruled.

4. There was new matter injected into the Motions by the GM and NYSTRS Replies as to which Marro had proposed to move for (and hereby files and serves) his Supplemental Response.

### B. As to the Supplemental Response

1. Are as set forth below in greater detail.

## III. RELIEF SOUGHT

Reconsideration of the Order granting the Motions and Denying the Motions

## IV. <u>SUPPLEMENTAL RESPONSE ARGUMENT</u>

### A. <u>GM's Reply</u>

1. GM's Reply proposes a novel interpretation of FRAP 10 et seq (the "Rule") allowing ordering of transcripts, suggesting that Marro (or any Appellant) is required by this Rule "to pay his way to discourage the filing and prosecution of frivolous appeals."

2. GM's Reply ignores that the subject Rule allows Appellant to dispense with transcripts and, in this eventuality, for an Appellee to move for an order upon good cause shown requiring Appellant to order and pay for a transcript or transcripts <u>*or*</u> to order and pay for a transcript or transcripts themselves rather than burden the Court or the parties with motion practice.

3. GM's Reply is otherwise substance-free and illustrates the Moving Parties strategy to increase the financial burden of an Appellant who seeks IFP status in order to discourage the Appeal.

### B. <u>NYSTRS's REPLY</u>

1. NYSTRS injects new matter: (i) by contending the Fairness Hearing had content relevant to the Appeal although, as to that content, nothing specific is offered to contradict Marro's assertion that the Court's Order mirrored the pleadings and proposed Order, and that the Fairness Hearing was perfunctory, short (under 45 minutes), pro forma and devoid of witnesses or new documents and did no more than repeat argument already set forth in the pleadings in support of settlement and Marro's briefed objections thereto; (ii) by implying the Rule does not provide for an Appellee to order a transcript when the Rule clearly provides for that; (iii) by contending the Motions and Replies to Marro's Responses thereto were timely filed and served; and (iv) by purporting to furnish evidence of timely service thereof notwithstanding that Marro, until 8/17/16, had received nothing by US Mail from either NYSTRS or counsel.

2. Examination of each of these injections of new matter follows.

(i). <u>Fairness Hearing Content</u>

NYSTRS implies that Marro's Issues on Appeal include matters raised only at the Fairness Hearing. As the Court's Order, Marro's Statement of Evidence on Appeal and Marro's earlier Response make plain, Marro's Issues on Appeal relate only to those matters set forth in pleadings by the Moving Parties and objections thereto filed prior to or subsequent to the Fairness Hearing.

Further, NYSTRS issue of whether all fairness tests were satisfied were likewise set forth in the Moving Parties pleadings and Marro's objections thereto, all of which filed prior to the Fairness Hearing or subsequent thereto and not altered or augmented by witnesses, evidence or argument during the course of this short, perfunctory and pro forma Fairness Hearing.

While NYSTRS fails to show anything to the contrary, it attempts to make the Fairness Hearing transcript ("Transcript") meaningful by claiming (irrelevantly) that the Transcript will show Marro had "full opportunity to present arguments in support of his objection to settlement". Of course, the Transcript shows this but Marro has unequivocally and unambiguously declared that he relied entirely on the Moving Parties pleadings in support of settlement filed prior to the Fairness Hearing and Marro's objections thereto filed prior to and subsequent to the Fairness Hearing.

(ii). <u>The Moving Parties (Appellees) May Order the Transcript</u>

The Rule lets an Appellant dispense with a transcript unless ordered by the District Court for good cause shown to do so. Here, good cause is shown by Marro for dispensing with transcript, there is no authority directly on point (cites do no more than declare the Rule says what it says), the Motion is untimely and the Court's Order itself shows the transcript may be dispensed with.

Next, NYSTRS tries to construct good cause from issues Marro intends to raise on appeal but fails, as shown above.

Finally, NYSTRS interprets the Rule to be an absolute in that if an Appellant does not order a transcript or is required by the Court to order a transcript, then there can be no transcript and the Record on Appeal is therefore defective. The Rule, of course, says no such thing. Appellee may order the transcript if Appellant declares, either affirmatively or constructively, that he will not.

Here, Marro declared affirmatively that he would not order the transcript and that affirmative declaration put the Moving Parties on notice that they must either order the transcript themselves or move for an order requiring Marro to do so within 14 days of his 6/23/16 declaration dispensing with the transcript and relying on the pleadings docketed or tendered instead.

The Moving Parties did neither and were untimely in consequence.

(iii). The Motions Were Untimely

NYSTRS concedes that Marro unambiguously declared that no Fairness Hearing Transcript was going to be ordered and consequently the 14-day clock for moving for an order began ticking on 6/23/16 and any such motion became untimely on 7/7/16.

It is not Marro's contention (as NYSTRS states) that his opposition to the Motions started the 14-day clock but rather that Marro's July 7th objections to the Motions confirmed that the clock began to tick on June 23rd, or, if there was any question about Marro's intention not to order transcripts, then that question evaporated on July 7th and the 14-day clock began ticking thereupon.

Either way, the motions are untimely.

(iv). No Service

Marro attaches to his Supplemental Response the email correspondence relating to NYSTRS's failure to timely and properly serve Marro. The Court will note that Marro was never served with the Motion and was told instead by NYSTRS that its Express Mail delivery following the failure of service was not service, but a courtesy.

Not until 8/17/16, did Marro receive NYSTRS's Motion or Reply by US Mail. As to the Reply, Marro once again was obliged to remind NYSTRS of its failure to properly and timely serve. The facts set forth in this Part (iv) are given by Marro under penalty of perjury.

Dated: August 23, 2016

                        Respectfully submitted,

By: _____
      DONALD C. MARRO
      3318 Bust Head Road
      The Plains, VA  20198
      Telephone:  (540) 253-5309
      Facsimile:  (540) 905-8241
      Email:  dmarro@crosslink.net

## CERTIFICATE OF SERVICE

I hereby certify that on August 23, 2016, a copy of the foregoing was filed via fax and US Mail.

By: _____
    Donald C. Marro

| | |
|---|---|
| Bernstein Litowitz Berger & Grossman LLP | Kirkland & Ellis LLP |
| Salvatore J. Graziano, Esq. | Robert J. Kopecky, Esq. |
| 1251 Avenue of the Americas, 44th Floor | 300 North LaSalle |
| New York, NY  10020 | Chicago, IL  60654 |

# EXHIBIT I

Email Correspondence Relating To NYSTRS's Failure To Timely And Properly Serve Marro

**XFINITY Connect**

pmoffett55@comcast.net
± Font Size -

**Fw: Attached**

**From :** dmarro <dmarro@crosslink.net>           Thu, Aug 18, 2016 09:47 AM

**Subject :** Fw: Attached

**To :** Patricia Ann Moffett <pmoffett55@comcast.net>, Lillian S. Clancy <lsclancy@crosslink.net>

---- Original Message ----
**From:** dmarro
**To:** Jim Harrod
**Cc:** Kopecky, Robert J. ; Salvatore Graziano ; Duffy, Timothy A.
**Sent:** Sunday, August 07, 2016 7:42 PM
**Subject:** Re: Attached

Gentlemen,

The Bernstein Motion sent by fedex arrived 8/5/16, addressed to Donald C. Maira. Ever since Ellis Island, it's been Marro and my grandfather, father and I prefer it that way. Please make careful note of this. You'll be pleased to know that the address, on the other hand, was correct.

The Bernstein Motion purportedly mailed to me has never arrived.

Perhaps you'll agree the processes you use for message transmission by mail or fedex are flawed, and in particular your indifferent efforts at spelling surely need remedial work.

Donald C. Marro

> ---- Original Message ----
> **From:** dmarro
> **To:** Jim Harrod
> **Cc:** Kopecky, Robert J. ; Salvatore Graziano ; Duffy, Timothy A.
> **Sent:** Thursday, August 04, 2016 6:24 PM
> **Subject:** Re: Attached
>
> Mr. Harrod,
>
> Thank you for your prompt response.
>
> I've previously asked not to receive emails of any consequential size (larger than short letters) since our email service is dial-up and easily corrupted. Please remember and observe this hereafter if you please.
>
> I also take issue with your characterization that serving me timely and certainly is a courtesy as opposed to an obligation. It is an obligation, is it not?
>
> Cordially,
>
> Donald C. Marro
>
> > ---- Original Message ----
> > **From:** Jim Harrod
> > **To:** dmarro@crosslink.net
> > **Cc:** Kopecky, Robert J. ; Salvatore Graziano ; Duffy, Timothy A.
> > **Sent:** Thursday, August 04, 2016 6:08 PM
> > **Subject:** RE: Attached
> >
> > Mr. Marro:
> >
> > As a courtesy, an electronic copy of our submission is attached for your review.
> >
> > As reflected in the Certificate of Service, the attached was previously sent to you by U.S. Mail on July 28, 2016. As an additional courtesy, we have also sent a copy for delivery by overnight courier, which you will receive

tomorrow.

Sincerely,

James Harrod

**James A. Harrod**
**BLB&G**
Bernstein Litowitz Berger & Grossmann LLP
1251 Avenue of the Americas | New York, NY 10020
T 212.554.1502 | F 212.554.1414 | Jim.Harrod@blbglaw.com

> **From:** dmarro <dmarro@crosslink.net>
> **Date:** August 4, 2016 at 5:15:46 PM EDT
> **To:** "Duffy, Timothy A." <tduffy@kirkland.com>, dmarro <dmarro@crosslink.net>, "Kopecky, Robert J." <rkopecky@kirkland.com>, "Graziano, Salvatore J." <Salvatore@blbglaw.com>, "Richard_Loury@mied.uscourts.gov" <Richard_Loury@mied.uscourts.gov>
> **Subject: Re: Attached**
>
> Mr. Duffy,
>
> Thank you for this information.
>
> I received your mailing on 8/3/16 and responded today.
>
> The motion made by your fellow appellee, NYSTRS, has not, on the other hand, been served on me in any fashion seven days after being filed with the Court.
>
> By copy of this email, I'm apprising NYSTRS counsel and the Court of this circumstance and will move to strike if the subject pleading has not been served on me by tomorrow
>
> I'm appreciative of your follow-up here.
>
> Cordially,
>
> Donald C. Marro
> On Thu, 4 Aug 2016 17:21:03 +0000
> "Duffy, Timothy A." <tduffy@kirkland.com> wrote:
>
>> Mr. Marro,
>>
>> My sending you a copy of GM's filing via e-mail was only a courtesy, and was not meant as the means of service of

the document, which I also mailed to you.

Very truly yours,

Timothy A. Duffy, P.C.

---

KIRKLAND & ELLIS LLP
300 North LaSalle, Chicago, IL 60654
T +1 312 862 2445  M +1 847 530 4920
F +1 312 862 2200

---

tim.duffy@kirkland.com<mailto:tim.duffy@kirkland.com>

From: dmarro [mailto:dmarro@crosslink.net]
Sent: Monday, August 01, 2016 12:11 PM
To: Kopecky, Robert J.; Graziano, Salvatore J.; Duffy, Timothy A.; Richard_Loury@mied.uscourts.gov
Subject: Attached

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com<mailto:postmaster@kirkland.com>, and destroy this communication and all copies thereof, including all attachments.

3318 Bush Head Road
The Plains, VA 20198

United States District Court
Eastern District of Michigan
Clerk's Office
Federal Building and U.S. Courthouse
600 Church Street, Room 140
Flint, MI 48502





U.S. POSTAGE PAID
WARRENTON, VA
AUG 23 16
AMOUNT
$1.36
R2305M149116-

48502